UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY PAUL McGUIRE,

        Movant,

                                      File No. 1:12-CV-878

v.

                                      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
_____/

**O P I N I O N**

This matter comes before the Court on Movant Jeffrey Paul McGuire's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

**I.**

Movant was charged in a three-count indictment with mail fraud, aggravated identify theft, and wire fraud. (*United States v. McGuire*, File No. 1:11-CR-102 (W.D. Mich. Feb. 6, 2012), ECF No. 1.) Movant pled guilty to a two-count superseding felony information charging him with wire fraud and failure to appear. (*Id.*, ECF No. 25.) Movant was sentenced to eighteen months in prison as to each of Counts 1 and 2, to be served concurrently, and three years supervised release. (*Id.*, ECF No. 34.). Movant did not appeal his conviction or sentence.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255.  To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).  Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).  A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)) (internal quotations omitted).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence."  *Massaro v. United States*, 538 U.S. 500, 504 (2003);  *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456

U.S. 152, 167-68 (1982). To satisfy the "cause" test, a petitioner must show that "some objective factor external to the defense" kept him from raising the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III.

Movant has raised six claims of ineffective assistance of counsel. He contends that Jeffery Crampton, his trial counsel, provided ineffective assistance of counsel because he: (1) failed to provide adequate representation at sentencing; (2) failed to conduct an adequate investigation and neglected to submit documentary evidence; (3) failed to communicate with Movant at pivotal times during the prosecution; (4) failed to provide Movant with his case

3

file; (5) failed to provide Movant with detailed billing statements; and (6) violated the attorney-client confidences by disclosing Movant's medical records.

Movant entered into a plea agreement in which he waived the right to appeal his conviction and sentence, and "also knowingly and voluntarily waive[d] the right to challenge the sentence imposed, the manner in which it was determined, and any other aspect of the disposition of the charges against him, in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255." (File No. 1:11-CR-102, ECF No. 24.)

"When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). However, if a criminal defendant's claim of ineffective assistance of counsel brought by way of a § 2255 motion to vacate runs directly to the validity of the guilty plea itself, rather than other issues outside the plea that the defendant has agreed not to appeal or collaterally attack, then the defendant may not be precluded from directly challenging the plea agreement itself, including its waiver provision, through a claim of ineffective assistance of counsel. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

With the possible exception of his second argument, all of Movant's arguments are barred by the waiver because they do not purport to challenge the validity of the guilty plea itself. Movant has not argued, nor is it logical to presume, that but for counsel's failure to

4

provide adequate representation at sentencing, counsel's failure to communicate effectively, counsel's refusal to provide the case file after sentencing, counsel's failure to provide detailed billing statements, and counsel's disclosure of medical information that was used against Movant at sentencing, Movant would not have pleaded guilty. These arguments (Arguments 1, 3-6) are accordingly barred by Movant's waiver.

Movant's second argument is that counsel failed to conduct an adequate investigation. Although Movant has not argued that he would have insisted on going to trial had counsel investigated his case more thoroughly, such an argument can be implied under a liberal construction of Movant's petition.[1] Accordingly, the Court finds that Movant's second argument is not barred by his waiver of the right to collaterally attack his sentence. Movant's second argument is nevertheless insufficient to support Movant's request for habeas relief.

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the Defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "[A] court must

---

[1] Pro se pleadings are liberally construed and are held to less stringent standards than those prepared by attorneys. *See Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation marks omitted). In order to satisfy the "prejudice" requirement in the guilty plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "Moreover, he must show that there would have been a reasonable chance he would have been acquitted had he gone to trial." *Spikes v. Mackie*, 541 F. App'x 637, 649 (6th Cir. 2013) (citing *Hill*, 474 U.S. at 59); *Railey v. Webb*, 540 F.3d 393, 415-16 (6th Cir. 2008) (same).

Movant contends that counsel failed to conduct an investigation of Movant's financial documents and mobile text messages that would have called into question the credibility of John Evans, the prosecution's chief witness and Movant's former domestic partner, and would have suggested that Movant had permission from Evans to open the accounts. Assuming this assertion is true,[2] it is nevertheless insufficient to suggest that counsel was

---

[2]The Court makes this assumption for purposes of this habeas petition, even though it is belied by Evans' denial that he gave Movant permission, by evidence that Movant moved out of his shared residence with Evans four years before he began opening accounts in Evans' name, by evidence that Movant lied to agents when he stated that the victim had given him permission to use his identifying information to apply for lines of credit (PSR ¶ 23), and by Movant's admissions to the Court and the presentence investigator that he used Evans' identity without permission (PSR ¶ 25).

ineffective.

Before he was represented by trial counsel, Movant admitted all of the allegations of fraudulently opening credit card accounts to investigators, except that he told the investigators he had the victim's permission to do so. (Crampton Aff. ¶ 7, ECF No. 15.) Movant's trial counsel advised Movant at their first meeting that having permission from the victim to open the fraudulent accounts was not a defense to the charges because the accounts were still opened fraudulently and the victims were the individual banks who were defrauded. (*Id.* at ¶ 12.) Movant's trial counsel further advised that he did not think he could subpoena the four-year old SMS text messages based on his experience that carriers do not store such messages longer than six months. (*Id.* at ¶ 13.) Despite repeated requests, Movant failed to provide trial counsel with copies of the SMS text messages or an accounting of his asserted joint use of the funds. (*Id.* at ¶ 23.) Based on this uncontested evidence from trial counsel, Movant cannot meet his burden of showing that counsel's investigation fell below an objective standard of reasonableness.

Neither can Movant sustain his burden of showing a reasonable probability that, but for counsel's investigatory failures, Movant would not have pleaded guilty and would have insisted on going to trial. As trial counsel noted in his affidavit, the plea enabled Movant to avoid a mandatory consecutive two year prison term for the wire fraud or mail fraud counts. (*Id.* at ¶ 13.)

Finally, Movant cannot meet his burden of showing that there would have been a

reasonable chance he would have been acquitted had he gone to trial with evidence of Evans' consent. As trial counsel properly advised Movant, Evans' consent was not a proper defense to the charges against Movant. *See*, *e.g.*, *United States v. Lumbard*, 706 F.3d 716, 723 (6th Cir. 2013) (rejecting argument that consent renders use of identifying information lawful, and explaining that "one could have permission to use an individual's identifying information, but that permission itself does not confer lawful authority to misuse the information").

### IV.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, for the reasons stated herein, Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

An application for a certificate of appealability will also be denied because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

An order and judgment consistent with this opinion will be entered.


Dated: September 24, 2015          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE